**McDERMOTT & RADZIK, LLP**
Wall Street Plaza
88 Pine Street - 21st Floor
New York, New York 10005-1801
Attorneys for Plaintiff
OEC Freight (NY) Inc.
(212) 376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OEC FREIGHT (NY) INC.

                                                **ECF CASE** 07 Civ. 11072 (LAP)

                    Plaintiff,

                                                **COMPLAINT**

          - against -

CLARE FREIGHT INT'L (U.S.A), INC., and GREEN
DRAKE, INC.,

                    Defendants.
-------------------------------------------------------------------X

Plaintiff, OEC FREIGHT (NY) INC. (hereinafter "OEC"), by its attorneys,
McDERMOTT & RADZIK, LLP, alleges upon information and belief, as follows:

## INTRODUCTION

1.    This Complaint arises from the actions and/or omissions of defendants, CLARE
FREIGHT INT'L (U.S.A), INC. (hereinafter, "Clare"), and GREEN DRAKE, INC. (hereinafter,
"Green Drake"), in particular, their collective failure to fulfill their contractual obligations under
bills of lading that required the defendants to promptly take possession of cargo that was
delivered to their attention upon proper notification of arrival. As a result of defendants' failure
to take prompt possession of the cargo, plaintiff has sustained damages, as will be set forth in
further detail in this Complaint.

1

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1333, which provides this Court with jurisdiction over civil cases of admiralty or maritime jurisdiction.

3.    This Court has personal jurisdiction over the defendants by virtue of their systematic and continuous contacts with the forum state of New York.

4.    Venue is proper in this case pursuant to 28 U.S.C. § 1391(b)(1), as defendant Green Drake operates a primary place of business within the district.

## PARTIES

5.    Plaintiff, OEC, is incorporated under the laws of the State of New York, and operates a principal place of business located at 133-33 Brookville, Blvd., Suite 306, Rosedale, New York, 11422.

6.    Defendant, Clare, is incorporated under the laws of the State of New York, and operates a principal place of business located at 150-62 76 Road, Flushing, New York, 11367.

7.    Defendant, Green Drake, is incorporated under the laws of one of the United States, and operates a principal place of business at 414 East 75th Street, New York, New York 10021.

## THE INCIDENT

8.    On or about November 12, 2006, non-party Sam Toys Industrial Co., Ltd., contracted with non-party Dolphin Shipping International Co., Ltd. (hereinafter, "Dolphin") to transport 441 cartons of cargo indicated as "baby walkers" from Chiwan, China to New York, New York. The Dolphin bill of lading numbered SZP6B010499 indicated that the goods were to be delivered to consignee Green Drake.

2

9.    Upon information and belief, Dolphin Shipping International Co., Ltd., subcontracted with defendant Clare, which in turn further subcontracted with plaintiff OEC to transport the subject goods from China to the United States.   OEC is a non-vessel operating common carrier (NVOCC) that is in the business of consolidating freight shipments and booking the shipment of cargo.

10.    The OEC bill of lading, numbered OERT202702606571, indicated that defendant Clare was to take possession of the shipment upon arrival in the United States.

11.    Plaintiff OEC contracted with non-party Hanjin Shipping Co., Ltd. (hereinafter, "Hanjin"), a vessel operating common carrier, to transport the goods via ocean carriage from Chiwan, China to New York, New York.   The goods were loaded aboard the vessel HANJIN NAGOYA in a shipping container numbered TCKU9749979.

12.    On or about December 6, 2006, the shipment was unloaded from the HANJIN NAGOYA and stored at the APM Terminal Facility in Newark, New Jersey.

13.    Defendant Clare was notified of the arrival of the cargo, but failed to retrieve the shipment from the cargo terminal.   The cargo was eventually seized by United States Customs inspectors, and the shipping container was returned to Hanjin.

14.    As a result of the delay, OEC incurred demurrage fees of $ 23,550.00.   OEC was able to negotiate with Hanjin, and ultimately settled the demurrage claim for $ 10,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION
### Breach of Contract

15.    Paragraphs 1 through 14 are incorporated by reference as though fully set forth at length herein.

3

16.    Per the terms and conditions of the OEC bill of lading, Defendant Clare was under a contractual obligation to promptly take possession of the cargo upon notice of arrival at the unloading port.

17.    Defendant Clare breached this duty when it was notified of the arrival of the subject cargo, and failed to take possession of the cargo in a timely manner.

18.    Defendant's failure to take possession of the subject cargo in a timely manner was a direct cause of the demurrage fees that were incurred by the plaintiff.

WHEREFORE plaintiff demands judgment in its favor and against defendant Clare in the sum of $ 10,000 plus interest, costs, disbursements, attorneys fees and such other and further relief as this Court may deem just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
### Breach of Contract

19.    Paragraphs 1 through 18 are incorporated by reference as though fully set forth at length herein.

20.    Per the terms and conditions of the OEC bill of lading, Defendant Green Drake was under a contractual obligation to promptly take possession of the cargo upon notice of arrival at the unloading port.

21.    Defendant Clare breached this duty when it was notified of the arrival of the subject cargo, and failed to take possession of the cargo in a timely manner.

22.    Defendant's failure to take possession of the subject cargo in a timely manner was a direct cause of the demurrage fees that were incurred by the plaintiff.

4

WHEREFORE plaintiff demands judgment in its favor and against defendant Green Drake in the sum of $ 10,000 plus interest, costs, disbursements, attorneys fees and such other and further relief as this Court may deem just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
### Negligence

23.    Paragraphs 1 through 22 are incorporated by reference as though fully set forth at length herein.

24.    Defendant Clare had a duty to promptly take possession of the cargo upon notice of arrival at the unloading port.

25.    Defendant Clare breached this duty when it failed to take possession of its cargo in a timely manner after receiving notification of arrival.

26.    Due to defendant Clare's breach of its duty, plaintiff has incurred demurrage fees as a result of Clare's unreasonable delay.

WHEREFORE plaintiff demands judgment in its favor and against defendant Clare in the sum of $ 10,000 plus interest, costs, disbursements, attorneys fees and such other and further relief as this Court may deem just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Negligence

27.    Paragraphs 1 through 26 are incorporated by reference as though fully set forth at length herein.

28.    Defendant Green Drake had a duty to promptly take possession of the cargo upon notice of arrival at the unloading port.

29.    Defendant Green Drake breached this duty when it failed to take possession of its cargo in a timely manner after receiving notification of arrival.

5

30.    Due to defendant Clare's breach of its duty, plaintiff has incurred demurrage fees as a result of Clare's unreasonable delay.

WHEREFORE plaintiff demands judgment in its favor and against defendant Green Drake in the sum of $ 10,000 plus interest, costs, disbursements, attorneys fees and such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        December 6, 2007


MCDERMOTT & RADZIK, LLP
Attorneys for Plaintiff,
OEC Freight (NY) Inc.

BY: _____
THOMAS R. DESIMONE (TD 0786)
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
(212) 376-6400
(FILE: 66-07-66 ECR/TRD)