**McDERMOTT & RADZIK, LLP**
Wall Street Plaza
88 Pine Street - 21st Floor
New York, New York 10005-1801
Attorneys for Plaintiff
OEC Freight (NY) Inc.
(212) 376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

OEC FREIGHT (NY) INC.



ECF CASE

                Plaintiff,              07 CV 11072 (LAP)

         - against -              **AMENDED COMPLAINT**

CLARE FREIGHT INT'L (U.S.A), INC., and GREEN DRAKE, INC.,

                Defendants.
-----------------------------------------------------------X

Plaintiff, OEC FREIGHT (NY) INC. (hereinafter "OEC"), by its attorneys, McDERMOTT & RADZIK, LLP, alleges upon information and belief, as follows:

## INTRODUCTION

1.    This Complaint arises from the actions and/or omissions of defendants, CLARE FREIGHT INT'L (U.S.A), INC. (hereinafter, "Clare"), and GREEN DRAKE, INC. (hereinafter, "Green Drake"), in particular, their collective failure to fulfill their contractual obligations under bills of lading that required the defendants to promptly take possession of cargo that was delivered to their attention upon proper notification. As a result of defendants' failure to take prompt possession of the cargo, plaintiff has sustained damages, as will be set forth in further detail in this Complaint.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1333, which provides this Court with jurisdiction over civil cases of admiralty or maritime jurisdiction.

3. This Court has personal jurisdiction over the defendants by virtue of their systematic and continuous contacts with the forum state of New York.

4. Venue is proper in this case pursuant to 28 U.S.C. § 1391(b)(1), as defendant Green Drake operates a primary place of business within the district.

## PARTIES

5. Plaintiff, OEC, is incorporated under the laws of the State of New York, and operates a principal place of business located at 133-33 Brookville Blvd., Suite 306, Rosedale, New York, 11422.

6. Defendant, Clare, is incorporated under the laws of the State of New York, and operates a principal place of business located at 150-62 76 Road, Flushing, New York, 11367.

7. Defendant, Green Drake, is incorporated under the laws of one of the United States, and operates a principal place of business at 414 East 75th Street, New York, New York 10021.

## THE INCIDENT

8. On or about November 12, 2006, non-party Sam Toys Industrial Co., Ltd., contracted with non-party Dolphin Shipping International Co., Ltd. (hereinafter, "Dolphin") to transport 441 cartons of cargo indicated as "baby walkers" from Chiwan, China to New York, New York. The Dolphin bill of lading numbered SZP6B010499 indicated that the goods were to be delivered to consignee Green Drake.

9. Upon information and belief, Dolphin subcontracted with defendant Clare, which in turn further subcontracted with plaintiff OEC to transport the subject goods from China to the United States. OEC is a non-vessel operating common carrier (NVOCC) that is in the business of consolidating freight shipments and booking the shipment of cargo.

10. The OEC bill of lading, numbered OERT202702606571, indicated that defendant Clare was to take possession of the shipment upon arrival in the United States.

11. Plaintiff OEC contracted with non-party Hanjin Shipping Co., Ltd. (hereinafter, "Hanjin"), a vessel operating common carrier, to transport the goods via ocean carriage from Chiwan, China to New York, New York. The goods were loaded aboard the vessel HANJIN NAGOYA in a shipping container numbered TCKU9749979.

12. On or about December 6, 2006, the shipment was unloaded from the HANJIN NAGOYA and stored at the APM Terminal Facility in Newark, New Jersey.

13. Defendant Clare was notified of the arrival of the cargo, but failed to retrieve the shipment from the cargo terminal. The cargo was eventually seized by United States Customs inspectors, and the shipping container was returned to Hanjin.

14. As a result of the delay, OEC incurred demurrage fees of $ 23,550.00. OEC was able to negotiate with Hanjin, and ultimately settled the demurrage claim for $ 10,000.

## AS AND FOR A FIRST CAUSE OF ACTION
**Breach of Contract**

15. Paragraphs 1 through 14 are incorporated by reference as though fully set forth at length herein.

16. Per the terms and conditions of the OEC bill of lading, Defendant Clare was under a contractual obligation to promptly take possession of the cargo upon notice of arrival at the unloading port.

17. Defendant Clare breached this duty when it was notified of the arrival of the subject cargo, and failed to take possession of the cargo in a timely manner.

18. Defendant's failure to take possession of the subject cargo in a timely manner was a direct cause of the demurrage fees that were incurred by the plaintiff.

**WHEREFORE** plaintiff demands judgment in its favor and against defendant Clare in the sum of $ 10,000 plus interest, costs, disbursements, attorney's fees and such other and further relief as this Court may deem just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
**Breach of Contract**

19. Paragraphs 1 through 18 are incorporated by reference as though fully set forth at length herein.

20. Per the terms and conditions of the OEC bill of lading, defendant Green Drake was under a contractual obligation to promptly take possession of the cargo upon notice of arrival at the unloading port.

21. Defendant Green Drake breached this duty when it was notified of the arrival of the subject cargo, and failed to take possession of the cargo in a timely manner.

22. Defendant's failure to take possession of the subject cargo in a timely manner was a direct cause of the demurrage fees that were incurred by the plaintiff.

**WHEREFORE** plaintiff demands judgment in its favor and against defendant Green Drake in the sum of $ 10,000 plus interest, costs, disbursements, attorney's fees and such other and further relief as this Court may deem just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
### Negligence

23. Paragraphs 1 though 22 are incorporated by reference as though fully set forth at length herein.

24. Defendant Clare had a duty to promptly take possession of the cargo upon notice of arrival at the unloading port.

25. Defendant Clare breached this duty when it failed to take possession of its cargo in a timely manner after receiving notification of arrival.

26. Due to defendant Clare's breach of its duty, plaintiff has incurred demurrage fees as a result of Clare's unreasonable delay.

**WHEREFORE** plaintiff demands judgment in its favor and against defendant Clare in the sum of $ 10,000 plus interest, costs, disbursements, attorney's fees and such other and further relief as this Court may deem just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Negligence

27. Paragraphs 1 though 26 are incorporated by reference as though fully set forth at length herein.

28. Defendant Green Drake had a duty to promptly take possession of the cargo upon notice of arrival at the unloading port.

29. Defendant Green Drake breached this duty when it failed to take possession of its cargo in a timely manner after receiving notification of arrival.

30.     Due to defendant Green Drake's breach of its duty, plaintiff has incurred demurrage fees as a result of Clare's unreasonable delay.

**WHEREFORE** plaintiff demands judgment in its favor and against defendant Green Drake in the sum of $ 10,000 plus interest, costs, disbursements, attorney's fees and such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        December 12, 2007

        MCDERMOTT & RADZIK, LLP
        Attorneys for Plaintiff,
        OEC Freight (NY) Inc.

BY: _____
        EDWARD C. RADZIK (ER-2473)
        Wall Street Plaza
        88 Pine Street
        New York, New York 10005-1801
        (212) 376-6400
        (FILE: 66-07-66 ECR/TRD)

**CERTIFICATE OF SERVICE**

This is to certify that a copy of OEC Freight (NY) Inc.'s Amended Complaint was served via First Class Mail on this 12th day of December, 2007 to the following recipients:

Clare Freight Int'l (U.S.A.) Inc.
150-62 76 Road
Flushing, New York 11367

Green Drake, Inc.
414 East 75th Street
New York, New York 10021

Thomas R. DeSimone