UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT COURT OF NEW YORK</u>

OEC FREIGHT (NY) INC.

                                     Plaintiff,                    07 CV 11072 (LAP)

     v.

CLARE FREIGHT INT'L (U.S.A.), INC. and GREEN DRAKE, INC.

                                     Defendants.

_____

## **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

The Defendant, Clare Freight Int'l (U.S.A.) Inc., by its attorneys, Follick & Bessich, hereby responds to the allegations of Plaintiff's complaint as follows:

1- The Defendant denies the allegations contained in paragraphs 1, 3 and paragraphs 8 through 30 of the complaint.

2- The Defendant admits the allegations contained in paragraph 2 of the complaint.

3- Defendant has insufficient information to deny or admit the allegations contained in paragraphs 4, 5 and 7 of the complaint.

4- The Defendant admits the allegation contained in paragraph 6 insofar as it is incorporated under the laws of the State of New York but denies that its principal place of business is located at 150-62 76 Road, Flushing, New York 11367. Clare Freight Int'l (USA) Inc.'s principal place of business for its New York office is 150-16 132nd Avenue, Jamaica, New York 11434.

**FIRST SEPARATE DEFENSE**

1- The Complaint fails to state a claim upon which relief may be granted against the Defendant.

**SECOND SEPARATE DEFENSE**

2- The Defendant has breached no duty or obligation to the Plaintiff.

**THIRD SEPARATE DEFENSE**

3- The Defendant, adopts by references, any additional, applicable defenses pleaded by any other Defendant and not otherwise stated herein.

**FOURTH SEPARATE DEFENSE**

4- Defendant will rely upon any and all further defenses that become available or appear during discovery or pretrial proceedings in this action, and hereby specially reserve the right to amend this Answer for the purpose of asserting any additional defenses.

**FIFTH SEPARATE DEFENSE**

5- Any alleged contractual obligation between the Plaintiff and Defendants limits the Plaintiff's damages to an amount of $500 in accordance with the contractual documents.

**SIXTH SEPARATE DEFENSE**

6- The Court lacks personal jurisdiction over the Defendant Clare Freight based upon the fact that there was invalid service of process of the summons and complaint.

**SEVENTH SEPARATE DEFENSE**

7- Clare Freight International (USA) Inc. was never a contractual party to any of these transactions. Shenzhen Dolphin had a prior business relationship with Clare Freight of Shenzhen and wrongfully assumed that they could consign the subject goods to the Defendant Clare Freight

International (USA) Inc. or Clare Freight of Shenzhen and without authorization. Shenzhen Dolphin did, in fact, wrongfully consign the subject goods to the Defendant Clare Freight International (USA) Inc. without Clare Freight's acquiescence. The House Bill of Lading identified Sam Toys Industries as the shipper and Green Drake Inc. as the consignee but the Master Bill of Lading erroneously listed Shenzhen Dolphin as the shipper and Clare Freight International (USA) Inc.  If in fact Clare Freight International (USA)  Inc. was the authorized consignee under the Master Bill of Lading, Clare Freight Int'l (USA) Inc., would have been responsible for handling the shipment as a free hand handling agent.  As such, Clare Freight Int'l (USA) Inc., was responsible for the following: providing the Arrival Notice to the listed consignee on the house bill of lading, Green Drake; releasing the shipment upon payment of $65.00 for handling charges and the original House Bill of Lading from Green Drake with Green Drake's endorsement on the bill of lading (Due to a "telex release" there is no endorsed Master Bill of Lading required to the Plaintiff OEC).  Even though Clare Freight was erroneously and wrongfully listed as the consignee on the bill of lading and therefore had no obligations under said bill of lading, Clare Freight fulfilled its responsibilities under the Master Bill of Lading as if they were the lawful consignee.  Once the goods were released, even if Clare Freight was the lawful consignee, they would have had no further obligations under this bill of lading.  In accordance with all of the paperwork, the named consignee on the House Bill of Lading, Green Drake, was responsible to take delivery of the container and is therefore the party that would be liable for the above demurrage charges.

 WHEREFORE, Defendant Clare Freight Int'l (USA) Inc., demands a judgment dismissing the complaint in its entirety, with prejudice, as against Defendant Clare Freight Int'l (USA) Inc., and

awarding the Defendant attorneys' fees and costs incurred in defending this action, as well as any other relief the Court deems appropriate.

Dated: January 8, 2008

/s/ Glenn H. Ripa
Glenn H. Ripa, Esq.
Attorney ID: GR2555
Follick & Bessich P.C.
*Attorneys for Defendant*
*Clare Freight Int'l (USA) Inc.*
225 Broadway, Suite 1200
New York, New York 10007
Tel. No.:  212-732-5310
Fax No.:  212-406-2908

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 8, 2008, a copy of the enclosed *Answer to Plaintiff's Amended Complaint* was served by first-class mail, postage prepaid, to:

| | |
|---|---|
| McDermott & Radzik, LLP<br>*Attorneys for Plaintiff*<br>Wall Street Plaza<br>88 Pine Street<br>New York, NY 10005-1801 | Green Drake, Inc.<br>414 East 75th Street<br>New York, NY 10021 |

Attention: Edward C. Radzik, Esq.

/s/ Glenn H. Ripa
Glenn H. Ripa (GR2555)